## JIM HARWELL v. THE STATE.

### No. 960. Decided February 15, 1911.

**Local Option—Argument of Counsel.**

Where, upon trial of a violation of the local option law, the State's counsel in his argument referred to the defendant as a boot-legger; that he ran the State's witness out of the State; and attacked the character of the defendant, when there was no evidence of such matters; and defendant asked the withdrawal of such argument by proper charges which the court refused, there was reversible error.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Phillips & Bledsoe,* for appellant.—On the question of illegitimate argument of counsel: Exon v. State, 33 Texas Crim. Rep., 461, 26 S. W. Rep., 1088; Hunnicutt v. State, 18 Texas Crim. App., 498; Greene v. State, 17 Texas Crim. App., 395; Butler v. State, 27 S. W. Rep., 128; Ricks v. State, 19 Texas Crim. App., 308; Fuller v. State, 30 Texas Crim. App., 559, 17 S. W. Rep., 1108; Crawford v. State, 15 Texas Crim. App., 501; Seals v. State, 38 S. W. Rep., 1006; Alterway v. State, 56 S. W. Rep., 45; Parks v. State, 35 Texas Crim. Rep., 378, 33 S. W. Rep., 873; Shackelford v. State, 43 Texas, 138; Crow v. State, 33 Texas Crim. Rep., 264, 26 S. W. Rep., 209.

C. E. Lane, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law. The State's evidence shows that the alleged purchaser, T. M. Pettigrew, stated that he got a pint of whisky from appellant, for which he paid him seventy-five cents. This was emphatically denied by appellant, he testifying that he never sold Pettigrew any whisky in his life.

Several bills of exception were taken to the argument of the county attorney, and special instructions were requested by counsel for appellant to withdraw these remarks from the jury, with further instructions not to consider the same. These were refused by the court.

The first bill of exception recites that the county attorney, in his closing argument, said: "If I was sworn as a witness in this case I would not be afraid to tell the jury why Tim Pettigrew left here; Jim Harwell was surprised when he saw old Tim here as a witness; we got him back; we got him back; we kept on old Tim's trail until he got him back, and Jim knows why he went to Georgia and spent several months doing nothing."

The second bill recites that in the closing argument the county attorney said: "Now, gentlemen of the jury, listen: Here is Jim Harwell. Why, Jim only weighs two hundred and forty pounds; twenty-eight years old and two hundred and forty pounds; yet Jim says he was hashing at the American Restaurant. Now, you know, that sounds to me like a lie; I can tell you what he was doing, for I know; Jim was selling whisky, that's what Jim was doing—two-hundred-and-forty-pound man hashing—now, that's a lie, and you know it."

The third bill recites that the county attorney used the following language: "Jim Harwell, a 'hasher' in the American Restaurant; that is the rottenest hole in the United States today, and he is the blackest boot-legger in Johnson County; I say so, because I know him."

Another bill recites that while the county attorney was addressing the jury he said: "We can't enforce the law if the jury will go out here and turn boot-leggers like defendant loose in such cases as this, and now, if you want boot-leggers to run riot here, go out and turn this one loose."

Another bill recites that the county attorney said: "Gentlemen of the jury, I declare to you, Jim Harwell never did a decent act in his life except by accident."

Sundry and divers exceptions were reserved to this language, and requests made of the court, and finally special instructions were requested not only withdrawing the remarks, but charging the jury they should not consider these matters against appellant. The verdict of the jury gave appellant the maximum punishment, $100 fine and sixty days imprisonment in the county jail. As before stated, the evidence for the State shows that Tim Pettigrew bought of appellant, Jim Harwell, a pint of whisky, for which he paid him seventy-five cents. There is no

evidence that appellant was a boot-legger. There is no evidence that appellant run the witness Pettigrew out of the State, or sent him to Georgia. There is no evidence attacking the character of appellant. His character or reputation was not put into issue. Some. of the statements that the county attorney made bore directly upon matters of fact which he states were in his knowledge, which were not offered in evidence and which could not be put in evidence by the State. Some of the statements he made might have been admissible against appellant, but were not introduced. If as a matter of fact appellant had induced the witness Pettigrew to leave the State, this might have been used perhaps against him, and under some circumstances this character of testimony is admissible, as it shows or tends to show effort on the part of the party doing so to prevent evidence of such witness at the trial, but these matters were not before the jury, and some of them would not have been admissible. We are of opinion that the character of argument here indulged is clearly beyond any legitimate line. The charges asked by appellant were refused. The court declined to control the county attorney in his argument and refused to withdraw the matters from the consideration of the jury. We can not sustain this character of speech-making.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*